(21 Misc. Rep. 521.)

### WOLF v. DI LORENZO et al.

(City Court of New York, General Term. October 26, 1897.)

1. PLEADING AND PROOF—VARIANCE.

    Where a complaint sets forth a cause of action to recover the consideration for an absolute sale of goods, the plaintiff is not entitled to shift his ground at the trial, and, without amendment, go to the jury on the question of his right to recover an installment claimed to be due on the theory of a conditional sale.

2. CONDITIONAL SALE—DESTRUCTION OF GOODS.

    Where goods are delivered under a conditional contract of sale, the risk of their destruction before the title has passed is upon the seller.

Appeal from trial term.

Action by Paulino Wolf against Gregorio Di Lorenzo and Johanna Di Lorenzo. Judgment for defendants, and plaintiff appeals. Affirmed.

Argued before FITZSIMONS, CONLAN, and SCHUCHMAN, JJ.

La Fetra & Glaze, for appellant.

Leopold Leo, for respondent Gregorio Di Lorenzo.

John L. Hunt, for respondent Johanna Di Lorenzo.

CONLAN, J. The action is brought to recover a sum of money, as the alleged consideration of the sale of personal property, upon two

separate counts or causes of action. Defendants appear separately, and, as to the first cause of action, they allege that the property included therein was the subject of a conditional sale, amounting, as they claim, to the sum of $217.10, but, as the plaintiff alleges, $202.60; the difference between these two sums being represented by the price of three rolls of matting, which the defendants claim should be included in the items constituting the first cause of action. The defendant Johanna Di Lorenzo does not answer the second cause of action, as to which her co-defendant says that, inasmuch as $17.50 included therein properly belongs as an item in the first cause of action, there is only due the plaintiff on account thereof the sum of $31.10. A separate defense is then interposed by each of the defendants, that the property was the property of the plaintiff, and was destroyed by fire. A question of some importance is presented by this item of $17.50; for, if the property belongs in the second cause of action, then the plaintiff would have been entitled to a judgment in her favor on the second cause of action. The question was fairly presented to, and has, we think, been properly left to, the jury, who found otherwise, in favor of the defendants, and we are not inclined to disturb that finding. It distinctly appears as an item in defendants' Exhibit 1, which was a paper delivered to the defendant by the plaintiff, and which related wholly to the first cause of action. Plaintiff's counsel, in the course of his argument, as upon his brief, plainly attempts to abandon his right to recovery under the allegations in the complaint relating to the first cause of action, for he insists that the case should have gone to the jury upon the question of the right to recover for an installment claimed to be due before the occurrence of the fire. He alleges and attempts to prove an absolute sale, and demands judgment, as in an action upon contract, for a specified sum, due as a balance of the consideration. Conceding that there was an item due as an installment under the terms of the conditional sale, it was not due, in the same sense, as a part of the consideration for the absolute sale, and the ·question was properly withheld from the jury's consideration. There was no offer or request for amendment of the pleadings, and the variance called for a dismissal. The plaintiff claims a sale, and there was a failure of proof. How could she, then, be entitled to recover upon a cause of action not alleged?

The only remaining question is, assuming that the property was the property of the plaintiff at the time of the fire, are the defendants liable as in a case of loss? There was no dispute about the fire. This court has held in the case of Lock Co. v. Reike, 2 City Ct. R. 271, that the risk attends upon the title, and not upon possession, where there is no special agreement, and none is alleged or proven. The defendants are not, therefore, liable, for that reason.

We have failed to find in the record of the appellant's brief any grounds for disturbing the determination of the court or jury, and therefore the judgment must be affirmed, with costs.

FITZSIMONS, J., concurs.